IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04770-GPG

ZAFAR NOSIROV,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA,1 Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity, and
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

This matter comes before the Court upon Petitioner's Motion to Enforce This Court's Order and for Relief (D. 6). The Court GRANTS the motion the following reasons.

On September 28, 2026, the Court issued an Order (D. 3) granting in part Petitioner Zafar Nosirov's Petition for Writ of Habeas Corpus (D. 1). After determining that Petitioner was detained pursuant to 8 U.S.C. § 1226(a) and had been denied a bond hearing before an immigration judge (IJ), the Court ordered Respondents to provide Petitioner with "a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and

was proper at the time of Petitioner's arrest" (D. 3). Pursuant to that order, a bond hearing before an IJ was held on October 6, 2026, and Petitioner was denied bond (D. 5). Petitioner argues that, at this bond hearing, the IJ's improperly put the burden on Petitioner to prove that he is not a flight risk or danger to community (D. 6). Respondents filed a response stating that they "are not submitting a brief in opposition" to Petitioner's motion to enforce but "do not concede that the Motion is meritorious or that Respondents have not complied with this Court's prior order" (D. 8).

Accordingly, pursuant to this Court's inherent authority to enforce its September 28, 2026, Order and Respondents' failure to oppose Petitioner's motion or provide a basis for denial, it is ORDERED that Petitioner shall be released from custody within 48 hours, and Respondent SHALL update this Court in writing upon his release. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him." (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9 (10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284))). Respondents may continue to subject Petitioner to the same conditions as before he was re-detained but no more restrictions are warranted. As Respondents have not shown that they have proven by a preponderance that Petitioner is a flight risk or by a clear and convincing standard that Petitioner is a danger to community, there is no basis for imposing additional conditions.

It is FURTHER ORDERED that Respondents are prohibited from re-detaining Petitioner on the same grounds.

DATED October 29, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge